UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22CR647 RLW/SPM |
| DWAYNE KIMMINS, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION, MEMORANDUM OPINION
AND ORDER OF UNITED STATES MAGISTRATE JUDGE**

All pretrial matters in the above-referenced case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). Pending before the Court are the following motions and memoranda, filed by Defendant: Motion to Preserve Evidence filed December 19, 2022, (Docs. 32-33); Motion for Disclosure Pursuant to Rules 404(B) and 609 of the Federal Rules of Evidence filed December 19, 2022, (Docs. 36-37); Motion to Compel Production of Favorable Evidence filed February 22, 2023, (Docs. 46-47); Motion to Dismiss Count II of Indictment filed March 16, 2023, (Docs. 50-51). As of May 1, 2023, the United States had filed responses to the pending motions. (Docs. 49, 63, & 75.)

The history of pretrial motions in this case is tortured and has been discussed in detail in orders previously issued by this Court. *See* Docs. 39, 57, 64 & 81. The undersigned does not believe it is necessary to the resolution of the pending motions

to reiterate the details of the procedural history other than to note that following a status hearing on March 30, 2023, at the request of Defendant, the undersigned granted Defendant's oral motion for leave to file supplemental motions and granted Defendant until April 10, 2023, to do so. Upon Defendant's motions, and in the interest of justice, the undersigned granted Defendant's subsequent requests for extension of time to file supplemental pretrial motions through June 20, 2023. On June 20, 2023, Defendant filed a memorandum that, while far from clear, appeared to be a notice to the Court that Defendant does not intend to file any additional pretrial motions. (Doc. 80). As such, the motions pending before the Court appear to now be fully briefed and ready for a ruling.

## I.   DEFENDANT'S MOTION TO PRESERVE EVIDENCE (DOC. 32)

Defendant moves the Court for an order requiring the United States to preserve and retain "any evidence, tangible papers, objects or other information relating in any manner to this case" as a preventative measure to avoid any inadvertent albeit good faith destruction of evidence. *See* Doc. 32. In response, the United States contends the motion should be denied, first, because it fails to specify any category of evidence requiring an order of preservation. Second, the United States argues the motion should be denied as moot because it has fulfilled and continues to fulfill its disclosure obligations under Fed. R. Crim. P. 16 and because the Assistant United States Attorney has already directed law enforcement officers

and agents to retain all notes and writings regarding the matters alleged in the indictment, to the extent such notes and writings exist. *See* Docs. 63. The Court agrees that the motion is vague in that it is not entirely clear what evidence the defendant seeks to have preserved. However, the Court construes the motion to encompass only evidence within the United States' possession, custody, and control.

To the extent the evidence defendant seeks an order ordering preservation of evidence subject to disclosure under Rule 16, the Court agrees with the United States that the motion is unnecessary and likely moot for several reasons. First, the disclosure requirements set out in Rule 16 clearly encompass an obligation to **preserve** the evidence and information subject to disclosure. Second, a review of the Court's docket reveals that the United States has already agreed to provide and has provided evidence and information required to be disclosed under Rule 16 in addition to other information.

Consistent with the custom and practice in this judicial district, on December 6, 2022, the United States filed in the court's docket its letter to defense counsel indicating its willingness to (i) provide defense counsel with "all relevant material within the purview of [Fed. R. Crim. P. 16]"; (ii) "make all Jenck's material available no later than the Friday preceding trial;" (iii) "produce, and make available for inspection, all Grand Jury transcripts to the extent they constitute Jencks material;" (iv) "advise the defendant of its intention to use evidence of other crimes during its

case-in-chief" and to "make this disclosure prior to the trial of this cause;" (v) produce defendant's verbal statements; (vi) physical evidence seized in relation to the crimes charged in the indictment and make those items available for inspection upon request; (vii) "furnish any favorable evidence to the Defendant if and when its existence becomes known to the Government" but noted the United States was "not in possession of evidence that can be characterized as favorable." *See* Doc. 21.

In responding to the defendant's motion, the United States confirmed its compliance with Rule 16. *See* Doc. 63. At no time has the defendant suggested or demonstrated to this Court that the United States failed to keep any of the promises made in its discovery letter. Given the broad scope of disclosures promised by the United States, the Court finds it unnecessary to order the preservation of evidence required to be disclosed under Rule 16.

The Court acknowledges that Rule 16 does not authorize discovery or inspection of "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does [Rule 16] authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500 [the Jenck's Act]." Fed. R. Crim. P. 16(a)(2). However, based on the United States' representations to the Court, the United States has already directed law enforcement officers and agents involved in the case to preserve

all notes and writings regarding the matters alleged in the indictment. Thus, to the extent defendant's motion seeks an order requiring preservation of such items, the motion is moot and will be denied as such.

II. **DEFENDANT'S MOTION FOR DISCLOSURE OF RULE 404(B) AND RULE 609 EVIDENCE (DOC. 36)**

Defendant moves the Court for an order requiring the United States to disclose evidence of other crimes it intends to introduce at trial. *See* Doc. 36. As set out above, in December 2022, at the very start of pretrial proceedings in this case, the United States agreed to produce evidence of other crimes it intends to use in its case-in-chief. *See* Doc. 21. The United States agreed to produce such information and evidence in advance of trial. *See id.* The United States reiterated its intention to disclose this information as promised when it responded to the defendant's instant motion. *See* Doc. 63. In sum, the defendant's motion is not well taken and will be denied as moot.

III. **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF FAVORABLE EVIDENCE (DOC. 46)**

Defendant moves the Court for an order compelling the United States to produce evidence or other information regarding the ownership of the shotgun alleged to be in his possession at the time of the charged offense: felon in possession of a firearm. *See* Docs. 46 & 47. In so moving, the defendant acknowledged the United States produced "Firearm Trace Summaries" regarding the weapons involved

in the case but argued the summaries show only the defendant's possession of the firearms and do not show the chain of ownership of the weapons. *See id.* Defendant argues the United States should be required to provide "evidence of the chain of ownership" of the weapon because evidence of who owned the shotgun could support a potential justification defense. *See* Doc. 46, ¶7.

In response, the United States argues the motion should be denied because the United States has fulfilled its Rule 16 discovery obligations by producing all evidence in its possession regarding the history of the firearm; the United States does not intend to introduce evidence of ownership of the firearm in its case-in-chief; and ownership of the firearm is not material to any recognized defense of felon in possession of a firearm.

Defendant's motion is governed by Fed. R. Crim. P. 16(a)(F) and 16(d)(2). Pursuant to rule 16(a)(F), the United States was required to permit the defendant "to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if…the item is (i) within the government's possession, custody, or control; (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in the case-in-chief at trial." Under Rule 16(d)(2), if a party fails to comply with the requirements of Rule 16(a)(F), the court may "order that party to permit the

discovery or inspection." Defendant has failed to meet any of the requirements for an order compelling production under Rule 16.

First, the defendant presented no evidence that the requested information is within the government's possession, custody, and control. To the contrary, the exhibit submitted by the defendant suggests the United States does ***not*** have information pertaining to the ownership of the weapons at issue. *See* Doc. 46-1, Deft. Exh. 1, indicating that the United States "produced all the information [possessed] regarding the weapons history. There is no way for [the United States] to trace a complete history." Second, the defendant has neither argued nor presented evidence demonstrating that the attorney for the government knows or through due diligence could know that the requested item(s) exists. The evidence submitted by the defendant suggests the evidence sought does not exist. Finally, the United States has made clear it does not intend to introduce evidence regarding ownership of the weapons at trial and defendant has failed to demonstrate that the discovery sought is material to preparing the defense.

Defendant suggests evidence of the weapons' ownership is material to a justification defense. However, the defendant's own briefing undercuts that position. Although the defendant's briefing asserts that justification is an affirmative defense, the defendant acknowledges that "the Eighth Circuit has not recognized the defense of legal justification to a violation of Section 922(g)." *See* Doc. 47, at p. 2. Defendant

also recites the four elements required to establish a justification defense. Even if this Court were to take the defendant's recitation of the "justification" elements at face value, it does not appear that ownership of the firearm is material to any of the elements needed to show justification.

For the foregoing reasons, defendant has failed to demonstrate he is entitled to an order compelling production of evidence or other information regarding the ownership of the shotgun alleged to be in his possession at the time of the charged offense. As such, the motion to compel will be denied.

**IV.   DEFENDANT'S MOTION TO DISMISS COUNT II OF INDICTMENT (DOC. 50)**

Defendant moves this Court for an order dismissing Count II of the Indictment which charges defendant with being a felon in possession of a firearm on October 8, 2022. Without citing any legal authority, the defendant argues dismissal is warranted because "[a]t all times herein mentioned, Defendant did not possess, or have access, to the firearm in question based upon lack of ownership and only had an incidental relationship to the weapon stored on this premise by the owner." Doc. 50. Defendant requests an evidentiary hearing presumably so that he could attempt to establish the above factual assertion. Setting aside the dubious merits of defendant's apparent defense, defendant's motion to dismiss should be denied for the reasons set out below.

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure. In general, "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Eighth Circuit has held that although Rule 12 "contemplates that district courts may sometimes make factual findings when ruling on pretrial motions, …[c]ourts may not, however, make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'" *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)). The Eighth Circuit has instructed that the district court should defer deciding on a pretrial motion "if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *Id.*

Even assuming there is legal merit to defendant's suggestion that his lack of ownership of the firearm somehow exempts him from prosecution for being a felon in possession of a firearm, as a practical matter, any resolution of defendant's motion would require this Court to make factual determinations that fall within the province of the ultimate trier of fact.  In other words, to rule on the motion, this Court would need to conduct a trial on the merits in direct contravention of Rule 12. The Eighth

Circuit has held that, so long as the indictment is otherwise sufficient,[1] "federal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir.1992)). In so holding, the Eighth Circuit has recognized that, in criminal cases, "there is no corollary" to the summary judgment procedures contemplated by the Federal Rules of Civil Procedure. *Ferro,* 252 F.3d at 968.

The Eighth Circuit has also recognized that the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to [Rule 29]." *Id.* The Eighth Circuit has disapproved "dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *Id.* As such, defendant's arguments attacking the sufficiency of the government's evidence and/or predicting what the evidence will show at trial, at this early stage, are not a basis for dismissal of the indictment.

For the foregoing reasons, the Court recommends the defendant's motion to dismiss Count II of the indictment be denied.

V.   **CONCLUSIONS**

For the reasons set out in this Memorandum Opinion,

---

[1] The defendant has not argued or suggested that the indictment itself is insufficient. Although the issue was not raised by the parties this Court has evaluated Count II to assess whether it appears to meet the requirements set forth in Fed. Crim. P. 7 and finds that it does.

**IT IS HEREBY ORDERED** that Defendant's Motion to Preserve Evidence (Doc. 32) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure Pursuant to Rules 404(B) and 609 of the Federal Rules of Evidence (Doc. 36) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Production of Favorable Evidence (Docs. 46) be **DENIED**.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Count II of Indictment (Doc. 50) be **DENIED**.

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be set by separate order before the **Honorable Ronnie L. White**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of August, 2023.